DAVIS, J.
dissenting.
I respectfully dissent and would affirm PERC’s order. In reversing, the majority primarily focuses on the length of time that the City of Gainesville used the 1995 formula in calculating its contribution toward retiree health insurance premiums. However, to constitute an established past practice, it must not only be shown that a practice has existed substantially unvaried for a significant period of time, it must also be shown that the practice was unequivocal and that the bargaining unit employees could reasonably have expected the practice to remain unchanged. United Faculty of Fla. v. Univ. of Cent. Fla. Bd. of Trs., 30 F.P.E.R. ¶ 229 (2004). This case turns on whether the employees had a reasonable expectation that the 1995 formula would remain unchanged. In my opinion, PERC was correct in concluding that they did not. Although the employees may have believed that the City’s contribution amount would remain unchanged, whether a practice has created a reasonable expectation must be analyzed on an objective, rather than a subjective, basis. See Daytona Beach Fire/Rescue, Local 1162 v. *1079 City of Daytona Beach, 19 F.P.E.R. ¶ 24068 (1993).
As PERC noted, the City has, on multiple occasions throughout the years, warned all of its employees of its reservation of rights with respect to its contribution toward retiree health care premiums. For instance, in the 1995 ordinance, wherein the City adopted its contribution formula, the City set forth:
WHEREAS, the City Commission ... has in the past chosen to pay some of the premium costs for continued health insurance coverage for retirees and/or their dependents, the percent or amount of which payment for either the retiree or dependent coverage has varied over the years and may continue to do so in the future....
The same or similar language was included in subsequent ordinances, as well as in memoranda, employee health care handbooks, and policy statements. This express reservation of rights distinguishes this case from the many PERC decisions cited by the majority. Had this case dealt only with a thirteen-year practice, those decisions would support reversal. However, in this case, the employees were continuously notified that the City could alter its contribution at any time, including in 1995, the point at which the unions argue that the status quo or past practice began. As PERC concluded, the employees could not reasonably expect that the City’s 1995 contribution formula would remain unchanged.
Accordingly, I would affirm.